# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARGO KYLER KNIGHT, LATUSHA VAINS, JANE LEFKOWITZ, GRETA MOSS, HOPE TAFET, DEBBIE CARTHAN, JEANNE SACKLOW, ERIKA TARGUM, LESLIE LEVITT-RASCHELLA, JOHN CONA, CASSONDRA JOSEPH, KELLY MCCGURN, WENDY HAGGARTY and MARK WADE, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br>  v.<br><br>SAKS INCORPORATED,<br>    Defendant. | Civil Action No. 3:18-cv-00360 |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A) TO THE SOUTHERN DISTRICT OF NEW YORK

Dated: December 11, 2018

Keane A. Barger (TN Bar No. 33196)
Elizabeth O. Gonser (TN Bar No. 26329)
RILEY, WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
Fax: (615) 320-3737
kbarger@rwjplc.com
egonser@rwjplc.com

-and-

Gregory T. Parks (*admitted pro hac vice*)
Ezra D. Church (*admitted pro hac vice*)
Kristin M. Hadgis (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Fax: (215) 963-5001
gregory.parks@morganlewis.com
ezra.church@morganlewis.com
kristin.hadgis@morganlewis.com

*Attorneys for Defendant Saks Incorporated*

Despite attempting to oppose the motion to transfer "for the convenience of the witnesses," Plaintiffs do not and cannot identify a single witness to this case who is in Tennessee and cannot dispute that a great many witnesses are in New York. Nor can they dispute the overwhelming connection between this case and New York. They recognize that there is currently an action pending in the Southern District of New York alleging almost identical claims concerning the same payment card security incident at the same group of stores during the same timeframe. Plaintiffs do not deny that New York is where many of the ***Plaintiffs themselves reside and claim to have shopped***, where Saks is located, and where almost all the witnesses and evidence are located. And Plaintiffs cannot reconcile their position with the fact that seven (7) of them originally filed identical claims against Saks *in the Southern District of New York* and nine (9) of them advocated for consolidation of their cases there before the Judicial Panel on Multidistrict Litigation. This Court should therefore reject Plaintiffs' arguments and exercise its discretion to transfer this action to the Southern District of New York under 28 U.S.C. § 1404(a).

**I.      The Convenience Of The Parties Requires Transfer To New York.**

Plaintiffs concede that courts traditionally look to the parties' "relative location" in determining the most convenient forum. Opp. at 6. But none of the Plaintiffs are located in Tennessee, and Saks operates no retail stores or has other operations in Tennessee. *See* Motion to Transfer ("Mot."), Ex. I, Rauch Decl. ¶¶ 7-8. Conversely, half of the named Plaintiffs—seven of them—are located in New York or in nearby New Jersey. *See* Am. Compl. ¶¶ 16-22. Moreover, Saks also is in New York, where it maintains its principal place of business and its corporate executives are located. *See* Ex. I, Rauch Decl. ¶¶ 3, 4. It is therefore more convenient for the parties to litigate where they are physically located. *See Buckeye Check Cashing of Ariz., Inc. v. Lang*, No. 06-792, 2007 WL 641824, at *13 (S.D. Ohio Feb. 23, 2007).

1

The only connection to Tennessee that Plaintiffs cite is the fact that Saks Incorporated—one of more than ten corporate entities potentially involved in these three cases—incorporated here for historical reasons 99 years ago. Although the state of incorporation may be relevant to venue or jurisdiction, it is not the deciding factor in the 1404(a) analysis, which focuses on whether the case should be transferred for the convenience of the parties and witnesses. Saks' status as a Tennessee corporation does not overcome the other factors weighing in favor of transfer here.

## II.     There Are No Witnesses In Tennessee.

The Southern District of New York is more convenient for the witnesses. Plaintiffs do not identify a single witness in Tennessee. None of the Plaintiffs—who are also witnesses—are in Tennessee. *See* Am. Compl. ¶¶ 12-25. Plaintiffs have not identified any Saks customers in Tennessee, and when considering the store brands potentially affected, over 36% of the customers have zip codes within 100 miles of the federal courthouse in the Southern District of New York; only 0.5% of customers of those brands are residents of Tennessee. *See* Decls. of Craig Slater ¶¶ 3-4, attached as Exs. 1 & 2. In fact, Plaintiffs propose putative sub-classes of Saks customers in New York and New Jersey, but not Tennessee. And, Saks has not identified any employee-witnesses in Tennessee; instead, the team that learned of, analyzed, managed, and communicated about the payment card security incident at issue, including HBC's "information security incident response team," are ***all*** located in and/or employed in New York. Mot., Ex. E, Longo Decl. ¶¶ 3-4.

Citing an eleven-year old Mississippi Business Journal article about Saks' Jackson facility that says nothing about data security issues, Plaintiffs "***anticipate*** that the employees responsible for overseeing the processing of Saks' payment card transactions work in Mississippi" and make the unsupported claim that relevant company employees are there and not in New York. Opp. at 7 (emphasis added). This is pure speculation and ignores Plaintiffs' own allegations in their case, which are based on Saks' data security practices and the payment card incident. Saks has submitted

2

a supplemental declaration of Anthony Longo stating that the Mississippi service center has nothing to do with either. *See* Longo Suppl. Decl. (Sept. 10, 2018) ¶ 6, attached as Ex. 3. While Saks' "credit card processing" may occur in Mississippi, the data security for that process is managed in New York. *Id.* ¶ 10. Specific witnesses who can testify about data security issues and compliance with payment card security requirements are all in New York. *Id.* at ¶¶ 9, 10.

Finally, Plaintiffs argue that the convenience of ***non-party*** witnesses is more important to the 1404(a) analysis. Opp. at 8.[1] Yet they fail to identify a single non-party witness present in Tennessee. Here, Saks has identified a relevant non-party witness—the Payment Card Industry ("PCI") Forensic Investigator who is located in Basking Ridge, New Jersey—approximately forty (40) miles from the Southern District of New York courthouses, but beyond the subpoena power of this Court. *See* Mot. at 4; Mot. Ex. F, at ¶¶ 6-7. This factor, therefore, militates in favor of transfer. *See Georgia-Pacific Consumer Prods., LP v. Nextep, Inc.*, No. 08-cv-567, 2009 WL 10679240, at *2 (S.D. Ohio Feb. 17, 2009) (non-party witnesses beyond subpoena power favored transfer).

### III. Plaintiffs' Choice Of Forum Is Not Dispositive And Is Entitled To Less Weight In A Putative Class Action Filed Outside Of Their Home Forum.

Plaintiffs also argue that their choice of forum is entitled to deference. But courts in the Sixth Circuit have recognized that in a putative class action, particularly one that purports to be nationwide, a plaintiff's choice of forum is accorded less weight in the Section 1404(a) analysis. Mot. at 16-17 (citing cases). Plaintiffs argue that the Court should focus on only the named Plaintiffs, claiming that "absent class members do not litigate cases." Opp. at 16.[2] The argument

---

[1] Plaintiffs rely on *Stewart v. Am. Eagle Airlines, Inc.*, but the court there was uncertain about the status of non-party witnesses and therefore unable to resolve that issue, granting transfer based on the location of the relevant documents and party witnesses. *See* No. 3:10-00494, 2010 WL 4537039, at *3 (M.D. Tenn. Nov. 3, 2010).

[2] Plaintiffs rely on *Joseph v. Liberty Nat. Life Ins. Co.*, however, the court there did not address the level of deference due to a plaintiff's choice of forum and ultimately denied the motion because the defendant failed to address all of the 1404(a) factors. *See* No. 08-20117-CIV, 2008 WL 2026006,

3

is unavailing since none of the Plaintiffs are located in this District. *See* Am. Compl. ¶¶ 12-25. "[W]hen the chosen forum is not the plaintiffs' home forum and the operative facts took place elsewhere, less weight should be given to that choice. In addition, the fact that Plaintiffs seek class certification also minimizes the deference to be given to Plaintiffs' choice of forum." *See Bd. of Locomotive Engineers v. Indiana & Ohio R.R.*, No. 01-74573, 2002 WL 551027, at *1 (E.D. Mich. Apr. 3, 2002); *see also Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 850 (S.D. Ohio 2007).

## IV. It Is Feasible To Join This Action With Another Pending Action.

Plaintiffs do not dispute that *Rudolph v. Hudson's Bay Co., et al.* is already pending in New York—a case that alleges similar claims arising out of the same alleged data security incident and where discovery is underway. They also do not dispute that *Rudolph* also includes additional entities impacted by the attack, such as Saks' corporate parent Hudson's Bay Company and sister brand Lord & Taylor. Resolving issues only as to Saks in this Court[3] while another case proceeds in New York against Saks and the other entities risks piecemeal and duplicative litigation.

Plaintiffs suggest that "[i]t makes far more sense to transfer *Rudolph* to the Middle District of Tennessee." Opp. at 11. But there is no motion pending to transfer venue and no party who would file that motion. In fact, Judge Walter in the Central District of California already concluded that New York was the right forum for *Rudolph*. Mot. at 7-8. Plaintiffs also make the claim that

---

at *1 (S.D. Fla. May 9, 2008). *Phillips Petroleum Co. v. Irl Shutts*, is not a case about 1404(a) at all, but instead addressed personal jurisdiction over absent class members. 105 S. Ct. 2965 (1985). The plaintiff in *Abbott v. Lockheed Martin Corp.* brought claims under ERISA, where there is deference given to a plaintiff's choice of forum, although the court acknowledged the "diminished degree of deference accorded a plaintiff's choice in a class action." No. 06-0701, 2007 WL 844903, at *2 (S.D. Ill. Mar. 20, 2007).

[3] Plaintiffs make the incorrect assertion that all cases relating to the payment card security incident, except for *Rudolph*, are "now consolidated into a single complaint here." Opp. at 10. Plaintiffs are wrong. The *Beekman* case, which was filed by the same lead plaintiffs' lawyers here and includes some of the same named Plaintiffs here, is pending in the District of Delaware asserting identical claims against Saks' sister company, Lord & Taylor.

4

there is a "tactical" reason Saks wishes to transfer this case to New York—to file a motion to dismiss under law in the Second Circuit. Opp. at 14. But the 1404(a) analysis does not require consideration of any differences between the law in the current venue and the proposed transferee venue and, therefore, the applicable law in the Second Circuit is irrelevant. *See, e.g.*, *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 234 (D.N.J. 1996) ("Although Plaintiffs may not like the results they have been getting in California, that is not a factor which is considered on a 1404(a) transfer.").

## V. Any Alleged Docket Congestion In New York Is Irrelevant.

Plaintiffs contend that transfer is not warranted because the Middle District of Tennessee is "less congested" than the Southern District of New York." Opp. at 13. Plaintiffs cherry-pick statistics to support that argument. Contrary to their assertions: (1) the Southern District of New York has seven times more judges than the Middle District of Tennessee; (2) the median amount of time between filing and disposition of civil cases per judge in the Southern District of New York is just 6.1 months, whereas it is 11.7 months in the Middle District of Tennessee; and (3) in the previous two years, civil actions filed per judge in the Southern District of New York were 365 (2017) and 377 (2016), compared to 587 (2017) and 806 (2016), respectively, in the Middle District of Tennessee.[4] In any event, courts have viewed any purported "docket congestion" in the proposed forum as neutral in the 1404(a) analysis where, as here, another case is already pending there. *See, e.g.*, *North*, 47 F. Supp. 3d at 647 (rejecting congestion as a factor where the more congested forum was most convenient).

The Southern District of New York is the proper venue for this action. This case should be transferred there pursuant to 28 U.S.C. §1404(a).

---

[4] *See* Federal Court Management Statistics, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2018.pdf (last visited Dec. 11, 2018).

Respectfully submitted,

Dated:  December 11, 2018 */s/ Keane A. Barger*
Keane A. Barger (TN Bar No. 33196)
Elizabeth O. Gonser (TN Bar No. 26329)
RILEY, WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
Fax: (615) 320-3737
kbarger@rwjplc.com
egonser@rwjplc.com

-and-

Gregory T. Parks (*admitted pro hac vice*)
Ezra D. Church (*admitted pro hac vice*)
Kristin M. Hadgis (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Fax: (215) 963-5001
gregory.parks@morganlewis.com
ezra.church@morganlewis.com
kristin.hadgis@morganlewis.com

*Attorneys for Defendant, Saks Incorporated*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system on December 11, 2018, upon the following:

Kevin H. Sharp
Tennessee Bar No. 16287
SANFORD HEISLER SHARP, LLP
611 Commerce Street
Suite 3100
Nashville, TN 37203
Phone: (615) 434-7000
Fax: (615) 434-7020
ksharp@sanfordheisler.com

Ben Barnow (*admitted pro hac vice*)
Erich P. Schork (*admitted pro hac vice*)
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com
e.schork@barnowlaw.com

Daniel Tepper (*admitted pro hac vice*)
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Fax: (212) 686-0114
tepper@whafh.com

Janine Pollack (*admitted pro hac vice*)
THE SULTZER LAW GROUP, P.C.
351 West 54th Street, Suite 1C
New York, New York 10019
Telephone: (212) 969-7810
Fax: (888) 749-7749
pollackj@thesultzerlawgroup.com

*Attorneys for Plaintiffs,*
*Margo Kyler Knight, Latusha Vains, Jane Lefkowitz, Greta Moss, Hope Tafet, Debbie Carthan, Jeanne Sacklow, Erika Targum, Leslie Levitt-Raschella, John Cona, Cassondra Joseph, Kelly McGurn, Wendy Haggarty, and Mark Wade*

                                                */s/ Keane A. Barger*